<pre>
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
</pre>

VIRGINIA PETERS,

                              Plaintiff,                           Case # 23-cv-6593-FPG

v.

                                                                                  DECISION AND ORDER

DEBORAH STAMPS,

                              Defendant.

**INTRODUCTION**

On October 12, 2023, *Pro se* Plaintiff Virginia Peters filed this action against Deborah Stamps, whom she is alleges is the director of the nursing program at Isabella Graham Hart School of Practical Nursing, for expelling her from the nursing program without the appropriate amount of procedural due process. ECF No. 1. On November 17, 2023, Plaintiff filed a motion to supplement her complaint with a demand for payment of future earnings, invoking 11 U.S.C. § 522 and alleging coercion under 18 U.S.C. § 2422. ECF No. 5. On December 13, 2023, Plaintiff filed another motion to supplement her complaint to allege harassment under 18 U.S.C. § 245. ECF No. 7. Finally, on January 16, 2024, Plaintiff filed yet another motion to supplement her complaint to allege that she has been locked out of her student accounts and could no longer access her online health records. ECF No. 8.

Before the Court are Plaintiff's several motions to supplement her original complaint. ECF Nos. 5, 7, 8. Also before the Court are Plaintiff's motions (i) to proceed *in forma pauperis*, (ii) for access to the Court's electronic filing system, (iii) for default judgment against Defendant, and (iv) for a preliminary injunction. ECF Nos. 2, 4, 6, 8. Plaintiff also moved for miscellaneous relief, requesting that the Court review the several exhibits attached to her complaint. ECF No. 3.

1

The Court grants each of Plaintiff's motions to supplement her complaint and her motion to review the exhibits attached to her complaint. The Court will consider all allegations and claims raised in the supplemental motions together with the original complaint and exhibits. The Court finds that Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), and therefore her *in forma pauperis* motion is GRANTED.[1]  Plaintiff's motion for e-filing access is DENIED. Plaintiff's motion for default judgment is DENIED as premature.

The Court has also screened the claims brought in Plaintiff's complaint under the criteria set forth in 28 U.S.C. § 1915.  For the reasons that follow, Plaintiff's complaint is DISMISSED WITH PREJUDICE.

**LEGAL STANDARD**

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted).  "In evaluating whether a plaintiff has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff." *Id.* (internal quotation marks

---

[1] Plaintiff filed a second motion to proceed *in forma pauperis* on March 11, 2024, submitting identical paperwork contained in her first motion. Because the Court grants Plaintiff's first motion to proceed in forma pauperis, Plaintiff's second motion to proceed *in forma paureris* is DENIED as moot.

omitted). The Court may also consider any documents attached to the complaint. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

## DISCUSSION

The Court first addresses Plaintiff's claims for harassment, intimidation, and coercion under 18 U.S.C. §§ 245 and 2422, as well as her demand for payment of future earnings under 11 U.S.C. § 522. ECF Nos. 5 and 7. For the following reasons, these claims are DISMISSED WITH PREJUDICE.

First, Plaintiff's case is a civil action seeking damages and restitution for harm done as a result of being expelled from nursing school and locked out of her student accounts. On the other hand, Title 18 of the United States Code contains the body of "federal criminal statutes and do[es] not create a private right of action for any of the varied forms of relief plaintiff seeks." *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 90 (W.D.N.Y. 2009). With respect to 18 U.S.C. § 245, this statute permits federal prosecution for interference with a list of federally protected activities, and "confers neither substantive rights nor a private right of action for damages." *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991). With respect to 18 U.S.C. § 2422, this statute prohibits coercing an individual to cross state lines to engage in prostitution. 18 USC § 2422(a). Not only does this statute not confer a private right of action, it also covers conduct that has nothing to do with any of the allegations in Plaintiff's complaint. Accordingly, Plaintiff's claims and allegations brought under 18 U.S.C. §§ 245 and 2422 are, therefore, dismissed with prejudice and cannot be cured in an amended pleading.

Second, Plaintiff misunderstands the purpose of 11 U.S.C. § 522. Title 11 of the United States Code contains the federal bankruptcy statues. Section 522 of Title 11 contains the rules that govern what property is exempted from the "estate" in bankruptcy. None of the provisions of the bankruptcy code relate to the factual allegations in Plaintiff's complaint. Plaintiff merely states

that under Section 522 debtors have the right to receive "payment in compensation of loss of future earnings of the debtor," and takes that language out of context. 11 U.S.C. § 522 (d)(11)(E). Because this is not a bankruptcy action, Plaintiff's purported claims under this section are dismissed with prejudice.

The Court will next address Plaintiff's remaining claim of procedural due process.

### I. Procedural Due Process Claim

Plaintiff demands "restitution and other [] monetary damages" from Defendant because Defendant "acted in an arbitrary and capricious manner stripping [her] of [her] Due Process rights as a student." ECF No. 1 at 1. Specifically, Plaintiff alleges that Defendant "threatened" to drop her from the nursing program if she did not undergo a mental evaluation. *Id.* at 6. Plaintiff claims that although she did undergo an exam, Defendant insisted that she do so again with a different doctor, or otherwise face dismissal. *Id.* at 7-8. Plaintiff says that she was threatened four times until she "finally received a letter of dismissal from the program for attendance." *Id.* at 8.

In order to assert a violation of procedural due process rights, a plaintiff must "first identify a property right, second show that the [government] has deprived [her] of that right, and third show that the deprivation was effected without due process." *Local 342, Long Island Pub. Serv. Employees, UMD, ILA, AFL–CIO v. Town Bd. of Huntington*, 31 F.3d 1191, 1194 (2d Cir.1994) (citation omitted).

#### 1. Property Interest

Under New York law, the implied contract between a college and its students gives rise to a constitutionally-protected property interest. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Here, Plaintiff alleges that she was enrolled in a college-level nursing program, therefore, she has alleged a constitutionally-protected property interest. In her subsequent filings, Plaintiff also alleged being denied access to her online health records and locked out of her student

accounts. Since student accounts are concomitant to school enrollment, the Court views this as a constitutionally-protected property interest as well.

## 2. Governmental/State Action

"Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that [her] constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005). "[S]tate action requires both an alleged constitutional deprivation caused by . . . a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*

"For the conduct of a private entity to be fairly attributable to the state, there must be such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id*. at 187 (quoting *Cranley v. Nat'l Life Ins. Co.*, 318 F.3d 105, 111 (2d Cir. 2003) (internal quotations omitted). "A nexus of 'state action' exists between a private entity and the state when 'the state exercises coercive power, is entwined in the management or control of the private actor, or provides the private actor with significant encouragement, either overt or covert, or when the private actor operates as a willful participant in joint activity with the State or its agents, is controlled by an agency of the State, has been delegated a public function by the state, or is entwined with governmental policies." *Id.*

Here, Plaintiff has alleged only the actions of a private person who, at the time of the alleged constitutional deprivation, was an employee of a private entity, the Isabella Graham Hart School of Practical Nursing. Indeed, Plaintiff names only one individual, Defendant, and alleges that she was motivated by personal animosity against Plaintiff. *See* ECF No. 1 at 2 ("Deborah Stamps . . . reasons were personal. . ."); ECF No. 7 at 16 (She "stated she didn't like my family.").

Plaintiff has not alleged that any governmental entity was involved in the decision or action of dismissing Plaintiff from nursing school. Accordingly, Plaintiff cannot bring a claim for a constitutional deprivation against Defendant as currently alleged.

3. **Due Process**

"Generally, due process requires that a state afford persons 'some kind of hearing' before depriving them of liberty or property." *Susser v. New York City Dep't of Educ.*, No. 22-CV-51, 2023 WL 3765006, at *2 (E.D.N.Y. June 1, 2023). However, even where the deprivation happens prior to a hearing, if the person is afforded a meaningful post deprivation remedy, the Constitution is not violated. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996).

Here, Plaintiff has a post deprivation remedy. Specifically, New York permits Plaintiff to challenge an alleged arbitrary dismissal via an Article 78 proceeding. *See Harris v. Trustees of Columbia Univ. in City of New York*, 470 N.Y.S.2d 368, 370 (1st Dep't 1983), *rev'd on other grounds*, 479 N.Y.S.2d 216(1984) ("It is undisputed that the actions of a private university against a student are subject to Article 78 review and that the courts will intervene if the disciplinary dismissal of a student is arbitrary."). Further, the Second Circuit has "held on numerous occasions that an Article 78 proceeding is a perfectly adequate post deprivation remedy." *Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002). Therefore, since Plaintiff is challenging her dismissal from school and an Article 78 proceeding is available to challenge that dismissal, and the Second Circuit has held that an Article 78 proceeding is a sufficient post deprivation remedy to satisfy due process, Plaintiff's claim of a due process violation fails as a matter of law. *See Attallah v. New York Coll. of Osteopathic Med.*, 643 F. App'x 7, 9-10 (2d Cir. 2016) (summary order) (upholding the district court's ruling that plaintiff could not plausibly claim the deprivation

of a protected interest without due process of law because an adequate post-deprivation remedy in the form of an Article 78 proceeding was available under state law.).

## II.     Preliminary Injunction

After filing her original complaint, Plaintiff filed an additional motion for a preliminary injunction based on the claims in her complaint. ECF No. 8. "Generally, a party seeking a preliminary injunction must demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party." *Mullins v. City of New York*, 626 F.3d 47, 52–53 (2d Cir. 2010). However, since the Court has already determined that Plaintiff's claim for due process is not sufficiently alleged, it necessarily follows that Plaintiff has also not shown a likelihood of success on the merits. Accordingly, Plaintiff's motion for a preliminary injunction is denied.

## III.    Amendment

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs district courts to give plaintiffs leave to replead "when justice so requires." However, the Second Circuit has declined to allow amendment in cases in which additional pleading would be futile. *See e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, as discussed above, Plaintiff wishes to hold Defendant liable for an arbitrary and capricious deprivation, "better pleading" will "not cure th[e] defect" in the complaint because the availability of the Article 78 proceeding necessarily precludes the possibility of alleging the absence of due process. *Attallah*, 643 F. App'x at 9-10. Thus, Plaintiff may not amend her complaint to replead her procedural due process claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Plaintiff's motion for e-filing access (ECF No. 4) is DENIED. Plaintiff's Complaint, as amended by her several supplements, (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully directed to close the case.

IT IS SO ORDERED.

Dated: March 13, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York